SMITH vs. PARKE.

If a defendant is absent from home and no person can be found at his place of abode, a subpœna may be served at his store or place of business by delivering the same to his clerk or servant.

August 4th.    An attachment had been issued in this cause against Parke for not appearing. He occupied a dwelling house and store at Whitehall. When the officer went to serve the subpœna he was absent from home, and there was no person at his dwelling house. The officer then went to his store and there served the subpœna upon his son. It was not denied by the defendant that the subpœna came to his knowledge. The only question raised was whether an attachment could be issued for a neglect to appear upon such a service of the subpœna.

J. Rhoades, for the complainant.

J. Williams, for the defendant.

THE CHANCELLOR. The proper manner of serving the subpœna is by delivering it to the defendant personally, if he can be found ; or, in case of his absence, by leaving it with his wife, or some member of his family of suitable age and discretion, at his place of abode. If the service cannot be made in either of these modes, it may be made by leaving the subpœna with the defendant's servant or clerk at his place of business, which in such a case is equivalent to a service at his dwelling house. (1 Price's R. 92. 3 Price's R. 176.) The 21st rule of this court does not exclude any other legal mode of service which will be as likely to bring home to the defendant knowledge of the subpœna. The statute having provided a mode of notifying defendants who are absent from the state, or concealed therein, the English practice of allowing a substituted service, by an application to the court, can only be adopted in very special cases. But service on the clerk or servant of a party at his usual place

of business was never considered a substituted service; and no special order of the court is necessary to validate such a service.

Under the circumstances disclosed in the affidavit, the subpœna was duly served, and the attachment was regularly issued.